IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAIRO RAFAEL SANZ DE LA ROSA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-102 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

Petitioner was sentenced on July 25, 2006, to 188 months imprisonment based on his convictions in the Southern District of Florida related to possession and distribution of cocaine. (Doc. no. 1, p. 2; doc. no. 8, Ex. B, Attach. 2.) Subsequently, Petitioner received a sentence reduction based on amendments to the Sentencing Guidelines, lowering his sentence to 151 months. (Doc. no. 8, Ex. B, Attach. 3.)

After this reduction, the Bureau of Prisons ("BOP") calculated Petitioner's projected release date to be November 15, 2016. (Id., Attachs. 4, 5.) The BOP started its calculation of good conduct time ("GCT") from Petitioner's arrest date by federal law enforcement officials on November 28, 2005. (Id., Ex. A & Ex. B, Attach. 5.) In making the calculation, the BOP awarded Petitioner 239 days of jail credit for his pretrial detention and 540 days of GCT with a projected, prorated award of an additional fifty-two days of GCT for the period of November 28, 2015 through the projected release date of November 15, 2016. (Id., Ex. B, Attachs., 4, 5.)

According to Petitioner, the BOP has improperly calculated his GCT award based on the time he has actually served, rather than on the length of the prison term imposed. (See generally doc. no. 1.) Petitioner acknowledges the Supreme Court has approved the manner in which the BOP awards GCT in Barber v. Thomas, 560 U.S. 474 (2010). Nevertheless, through the presentation of a series of mathematical formulas and charts, Petitioner urges the Court to adopt the reasoning of the dissent in Barber and direct that he be awarded GCT based on the sentence imposed rather than on time served. (Doc. no. 1, Exs. 1-7.) Respondent denies Petitioner is entitled to relief and provides documentation showing Petitioner's GCT award has been calculated in accordance with the methodology approved by the majority opinion in Barber, *supra*. (See generally doc. no. 9.)

## II. DISCUSSION

The Attorney General of the United States, through authority delegated to the BOP, is responsible for imprisoning federal offenders and calculating their sentences. United States v. Wilson, 503 U.S. 329, 331 (1992); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th

Cir. 1990); 28 C.F.R. § 0.96. When calculating a federal sentence, the BOP starts with a determination of when a sentence commenced and then determines whether any credits should be applied to that sentence. See 18 U.S.C. § 3585. Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.**--
>
> (1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the [BOP] determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate. . . .

Id. § 3624(b)(1).

The BOP promulgated a regulation explaining the proper method for calculating GCT time under this statute which states an inmate earns, subject to certain exclusions not applicable in the instant case, "54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year). . . ." 28 C.F.R. § 523.20; see also Program Statement ("PS") 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, available at http://www.bop.gov/policy/progstat/5884_003.pdf (explaining inmates may be awarded fifty-four days of GCT for each full year served). The BOP's interpretation of how to award GCT pursuant to § 3624(b) is entitled to deference as described above and has been approved both by the Eleventh Circuit Court of Appeals and

3

the United States Supreme Court.  Barber, 560 U.S. at 480; Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005).  This Court is bound by these prior decisions, and rejects Petitioner's invitation to rule otherwise.  McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) (explaining that under the doctrine of *stare decisis*, "A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts.").

In sum, Respondent has established that the BOP followed, and correctly applied, the applicable statutes, regulations and program statements in awarding GCT and calculating Petitioner's projected release date.  Because Petitioner has not shown that the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA